*1398 OPINION-.
Lansdon:
The principal issue to be determined in these proceedings is whether certain oil royalties, amounting to $199,261.83, which were paid to adverse claimants under the compromise agreement set forth in our findings of fact, constituted income to the partnership, Foster, Looney & Wilkinson. This identical question was decided by the Circuit Court of Appeals in United States v. Looney, 29 Fed. (2d) 884, where Frank J. Looney, one of the three members of the law partnership, Foster, Looney & Wilkinson, sued, together with his wife, to recover income taxes paid under protest, the taxes having arisen from the Commissioner’s determination that the amount paid to adverse claimants under the agreement of compromise, above, constituted income to the partnership. In holding that the Commissioner erroneously determined such royalties to be partnership income, the court said:
* * * Though before the compromise agreement was made the firm man-tioned owned the royalty which was the subject of that agreement, upon the execution of that agreement the other parties to it became the owners of the part of that royalty which, under the terms of the agreement, was to be paid to them. In other words, prior to 1921, the firm mentioned ceased to own all of that royalty which accrued during that year. It follows that neither of the appellees was entitled to a share of that royalty accruing in 1921. Rents or royalties are included in the income of their owner, though they are not actually received by him, but pursuant to his direction are paid to another. Houston Belt & Terminal Ry. Co. v. United States (C. C. A.) 250 F. 1; Blalock v. Georgia Ry. & Electric Co. (C. C. A.) 246 F. 387. But rents or royalties are not properly included in the income of one who did not own, receive, or control them; the ownership thereof being vested in another when they accrued. * * *
Upon the authority of the foregoing decision, which is controlling here, we hold that the respondent erred in including any portion of the $199,261.83 as income of these decedents, since they did not own, receive or control such royalties.
We have found that of the total bank deposits used by the Commissioner as Wilkinson’s gross income for the years 1920, 1921, 1922, and 1923, the amounts of $18,416.74, $5,999.98, and $602.40 for 1920, 1921, and 1922, respectively, represent the repayment of advances or loans and bookkeeping errors. Such amounts do not constitute income and should be deducted therefrom.
The evidence does not establish that the decedent, Wilkinson, should have been allowed a deduction, on account of extra pay to *1399 £ stenographers for 1921, in an amount greater than that allowed by the respondent.
The evidence convinces us that in 1921 debts aggregating $4,830, which had been determined to be worthless and charged off by the decedent Wilkinson and deducted on his income-tax return, were worthless. Such amount should be allowed as a deduction for that year.
No evidence was introduced in support of the contention that insufficient depletion had been allowed .Wilkinson for 1921. The respondent’s determination is, therefore, sustained.

Decision will be entered wnder Bule 50.